# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY SIMON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 10cv2202 - IEG (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Cathy Simon seeks review of the Commissioner's final decision denying her application for social security benefits under Title II of the Social Security Act. Plaintiff filed a motion for summary judgment, requesting the Court to remand for further administrative proceedings. [Doc. No. 14.] The Commissioner filed a cross-motion for summary judgment. [Doc. No. 15.] The motions raise a single issue: whether the administrative law judge ("ALJ") failed to properly consider lay witness statements by Plaintiff's daughter, Brittany Simon. [Doc. Nos. 14, 15.] Because the ALJ gave adequate reasons for discounting Brittany Simon's statements, and for the reasons stated below, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** the Commissioner's cross-motion for summary judgment.

///
///
///

## PROCEDURAL HISTORY

In February 2008, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging she had been unable to work for over a year. In January 2009, her application having been denied both initially and upon reconsideration, Plaintiff requested a hearing on her claim. On March 1, 2010, Plaintiff appeared at a hearing before an ALJ. Plaintiff was represented by counsel and testified on her own behalf. A psychiatrist and a vocational expert also testified. On March 17, 2010, the ALJ issued a decision denying benefits. In September 2010, the Appeals Counsel denied Plaintiff's request for review. Plaintiff filed her complaint seeking judicial review under 42 U.S.C. § 405(g) on October 22, 2010.

## BACKGROUND

**A.  Hearing Testimony**

Plaintiff testified at the hearing that she was born in 1954, graduated from high school, and worked at a university coordinating campus events for disabled students. [Tr. 11-12.] Plaintiff stated that she retired in 2003, and then took care of her mother. [Tr. 12.] After testifying about a number of ailments that have plagued her over the years, [Tr. 14-25], Plaintiff discussed her activities: driving three or four times per week; doing housework, including laundry; and taking care of the house. [Tr. 26, 29.] Plaintiff testified that treatment did not help her. [Tr. 31.] A medical expert testified at the hearing that Plaintiff's alleged depression "should be considered contrived." [Tr. 38.] The ALJ asked if that was "the same as malingering," and the medical expert testified "that would be a fair statement." [Tr. 38.]

**B.  Lay Witness Statements**

On February 29, 2008, Plaintiff's daughter, Brittany Simon, completed a third-party function report. [Tr. 290-97.] Brittany Simon wrote that Plaintiff took care of Plaintiff's husband and three children, cooked, drove, did light cleaning, and laundry. [Tr. 290-92.] Brittany wrote that Plaintiff shopped for groceries and managed money. [Tr. 293.] She wrote that Plaintiff had pain and stiffness that limited her physical activities; trouble concentrating and remembering; and could walk for 50 yards and pay attention for half an hour. [Tr. 295.]

///

**C.     The ALJ's Decision**

After reviewing all the evidence, the ALJ evaluated Plaintiff for disability using the five-step sequential evaluation process that is set forth in the Commissioner's regulations, 20 C.F.R. § 416.1520(a)(4) (2010), and made the following findings.

Plaintiff had not performed substantial gainful activity since her alleged onset date. [Tr. 50.] She had severe mental and physical impairments, but her impairments did not meet or equal any of the presumptively disabling listed impairments. [Tr. 50-53.] Plaintiff had the residual functional capacity (RFC) to perform medium work as defined by the Commissioner's regulations, but had mild limitations in activities of daily living, mild limitations in maintaining social functioning, mild limitations in maintaining concentration, persistence or pace, mild limitations in tolerating work stress, and mild limitations in maintaining a daily and weekly schedule. [Tr. 53.] The ALJ found that Plaintiff's subjective symptom testimony and her daughter's statements were not fully credible. [Tr. 54-62.] According to the ALJ, Plaintiff could perform her past relevant work as a home attendant or an administrative clerk. [Tr. 63.] On that basis, the ALJ found that Plaintiff was not disabled under the Social Security Act. [Tr. 63.]

## STANDARD OF REVIEW

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final decision of the Commissioner. 42 U.S.C. § 405(g). This Court has jurisdiction to review the Commissioner's benefits decision and "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a hearing." 42 U.S.C. § 405(g). The Commissioner's denial of disability benefits will only be disturbed if the ALJ's findings are based on legal error or are not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

## DISCUSSION

Plaintiff maintains the ALJ's findings are based on legal error because the ALJ failed to

1 properly consider the lay witness testimony of Plaintiff's daughter, Brittany Simon. [*See generally*
2 Pl.'s Mot.]

4 "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take
5 into account, unless he or she expressly determines to disregard such testimony and gives reasons
6 germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)
7 (citations omitted). An ALJ's reasons for rejecting a claimant's testimony provide germane
8 reasons for rejecting substantially similar lay witness testimony. *Valentine v. Comm'r*, 574 F.3d
9 685, 694 (9th Cir. 2009); *see also Wilson v. Astrue*, 2011 WL 2174007, at *2 (June 2, 2011).
10 In *Valentine*, the claimant argued the ALJ had rejected the lay witness testimony of his
11 wife without sufficient justification. *Valentine*, 574 F.3d at 693. The Ninth Circuit disagreed,
12 concluding the ALJ appropriately considered the claimant's testimony and that his wife's
13 testimony was similar:

> Mrs. Valentine's testimony of her husband's fatigue was similar to Valentine's own subjective complaints. Unsurprisingly, the ALJ rejected this evidence based, at least in part, on 'the same reasons [she] discounted [Valentine's] allegations.' In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.

18 *Id.* at 694.
19 The Court agrees with the Commissioner that *Valentine* controls here. The ALJ found
20 Plaintiff's testimony not fully credible. [Tr. 54-60.] The ALJ also found Brittany Simon's
21 statement was similar to Plaintiff's testimony. [Tr. 62.] Based on those findings, which Plaintiff
22 does not challenge, the ALJ concluded Brittany Simon's statements were "credible only insofar as
23 claimant's allegations have been found credible as explained above." [Tr. 62.] To the extent the
24 ALJ disregarded Brittany Simon's statements, he provided reasons germane to Brittany Simon.
25 *Valentine*, 574 F.3d at 694.
26 Plaintiff overlooks *Valentine*, relying instead on an earlier district court case, *Howard v.*
27 *Astrue*, 2009 WL 385441 (C.D. Cal. Feb. 17, 2009). According to Plaintiff, *Howard* involved "the
28 exact same situation" as this. [Pl.'s Mot. at 6.]

The Court disagrees.  In *Howard*, the ALJ discounted the lay witness testimony of the plaintiff's grandmother based on a flawed rationale: "the claimant's family has not only the usual familial interest in this claim but also a financial one since he lives at home with his parents." 2009 WL 385441, at *3 (C.D. Cal. Feb. 17, 2009).  Rejecting the ALJ's rationale, the district court held that a familial relationship and attendant financial interest are inadequate reasons for rejecting lay witness statements.  *See id.* at 4.  That makes sense, as the court pointed out, because those particular reasons might be used to reject lay witness testimony in almost any case.  *See id.*

The court also noted, as Plaintiff highlights, that "an ALJ cannot reject lay witness testimony simply by rejecting the credibility of the claimant."  *Id.*  But that is not what happened here.  As stated above, the ALJ discounted Brittany Simon's statements because they were similar to Plaintiff's testimony, which the ALJ found not fully credible.  Thus, insofar as the ALJ discounted Brittany Simon's statements, he gave germane reasons for doing so.  *Valentine*, 574 F.3d at 694; *see also Stoll v. Astrue*, 2011 WL 2036712, at *13 (E.D. Cal. May 23, 2011) ("[T]he ALJ's rejection of Plaintiff's subjective testimony was proper, and because Plaintiff's testimony was similar to that of Mr. Wiens, 'it follows that the ALJ also gave germane reasons for rejecting [his] testimony.'").

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** the Commissioner's motion for summary judgment.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:** August 23, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**